The Honorable Armil O. Curran State Representative 210 West Main Street Clarksville, Arkansas 72830-3019
Dear Representative Curran:
This is in response to your request for an opinion on whether any of the following agencies can perform a background check for purchasers of handguns: 1) The county sheriff; 2) the municipal chief of police; or 3) an equivalent officer or the designee of any such individual. You note that 27 CFR Part 178 (the rules and regulations implementing the "Brady Handgun Violence Prevention Act") provide that any of the above officials are authorized to conduct the background checks. It is your understanding, however, that the federal Bureau of Alcohol, Tobacco and Firearms will "cite" any gun dealer requesting a background check from any law enforcement agency other than the Arkansas State Police.
It is my opinion that in Arkansas the background checks may only be conducted by the Arkansas State Police.[1]
The regulations to which you refer were adopted effective February 28, 1994, and amended the pertinent sections of 27 CFR Part 178. See 59 Federal Register 7110-01. The relevant portion of the rule amends 27 CFR by adding a new section, 178.102, which provides at subsection (a)(4) thereof as follows:
The law requires that notice of the contents of the transferees statement of intent to obtain a handgun and the statement be provided by the licensee to the chief law enforcement officer of the place of residence of the transferee. Under the law, the chief law enforcement officer means `the chief of police, the sheriff, or an equivalent officer or the designee of any such individual. Where the State or local law enforcement officials have notified the licensee that a particular official has been designated to receive the notice and statement specified in paragraphs (a)(2) (iii) and (iv) of this section, the licensee shall provide the information to that designated official. [Emphasis added.]
It is my understanding that the Arkansas State Police, in conjunction with the Bureau of Alcohol, Tobacco, and Firearms, and the Boards of both the Arkansas Sheriffs Association and the Arkansas Association of Chiefs of Police, with the advice and involvement of this office, agreed that the agency which would conduct the background checks would be the Arkansas State Police. This decision was based primarily on the practical ability of the Arkansas State Police to conduct such searches, and the relative impossibility of local law enforcement officials having access to complete enough information to conduct a thorough search. It appears that the federal regulations contemplate and acknowledge such designations, and require the licensees, in such a case, to forward the appropriate documents to the designated official.
It is therefore my opinion that in Arkansas, the only law enforcement agency authorized to conduct "background checks" under the Brady Law is the Arkansas State Police.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Although litigation has recently been filed concerning the legality of the release of certain information by the Arkansas State Police with regard to these "background checks" (see Calvin v. Tucker (No. 94-3885), 5th Div. Chancery Court, Pulaski County), it does not appear that the question you have posed is involved in this litigation. This offices long-standing policy against issuing opinions on matters which are the subject of pending litigation would therefore not appear to prohibit the issuance of an opinion on this matter.